Davis, J.,
delivered the opinion of the court:
In November, 1884, an election was held in Rhode Island, one of the results of which was that William A. Pirce received from the governor a certificate in due form that he had been elected a member of the House of Representatives of the Forty-ninth Congress from the Second Congressional district of that State.' Mr. Pirce was accordingly sworn in and took his seat in that body. The claimant in this case contested the election, and in January, 1887, the House resolved that Mr. Pirce was not elected and declared the seat vacant. A second election was then held, claimant was elected, took his seat in the House, and received his mileage and his salary as Representative from the date of the resolution declaring the seat vacant until the expiration of the Congress. He claims in this action salary during the period when Mr. Pirce occupied the seat, upon the ground that as the latter was declared “not elected,” and as the seat was declared “ vacant,” claimant's “predecessor” was not Mr. Pirce, but the Representative from his Congressional district who sat in the Forty-eighth Congress. This contention is based upon section 51 of the Revised Statutes, which reads as follows :
“Whenever a vacancy occurs in either House of Congress, by death or otherwise, of any member or delegate elected or appointed thereto after the commencement of the Congress to which he has been elected or appointed, the person elected or appointed to fill it shall be compensated and paid from the time that the compensation of his predecessor ceased.”
Section 49 of the Revised Statutes is also relied upon by the claimant; this section provides that—
“When any person who has been elected a member of or delegate in Congress dies after the commencement of the Congress to which he has been elected, his salary shall be computed and paid to his widow, or, if no widow survive him, to his heirs at law for the period that has elapsed from the commencement of such Congress, or from the last payment received by him to the time of his death. * *
It is urged that as Mr. Pirce was declared not elected he was not claimant’s predecessor, and that the two sections above cited *9 construed together lead to the conclusion that claimant was' elected to the whole of the Forty-ninth Congress, as no other person had been elected, and therefore is entitled to pay for the whole term.
We fail to see a distinction between this case and that of Shelley (19 C. Cls. R. 653). The facts in that case "show that Mr. .Shelley was paid as the member defacto, as,was Mr. Pirce in the case at bar; the House declared Mr. Shelley not elected, as it did Mr. Pirce, but added that Mr. Smith had been elected, and because of his death declared the seat vacant. After the resolution, but during the same Congress, at a second election, Mr. Shelley was returned as member. lie was paid salary from the date of the resolution declaring the seat, vacant, but not from the prior date of Mr. Smith’s death. Salary for this intervening period he claimed iu this court, but his contention was not sustained, the court holding that—
“The statute does not intend that the Government shall pay two salaries for the same seat at the same time; and the term “predecessor” must be restricted to him who was predecessor not in abstract right by virtue of a legal election, but predecessor in the matter of the salary of the place.”
Mr. Pirce presented the proper credentials. He was sworn in, served, and was paid. He held the position under a color of title at least, and until ousted by the action of House his acts as a member were as legal as those of any of his colleagues. The resolution unseating Mr. Pirce did not seat Mr. Page, and between its date and the date when the latter was sworn in a vacancy existed in the representation from Ehode Island. Mr. Pirce, when seated, was prima facie entitled to his seat and therefore to the salary (Kev. Stat., §§ 31, 38, 39, 46, 47, 48).
Eememberiug that the law gives to the sitting member — to him who presents the proper credentials — his salary in monthly payments after he shall have taken the prescribed oath, we turn to the following section (51), upon which claimant relies. This section contemplates a vacancy occurring during the session of Congress, not one existing at its commencement. It says when a “vacancy occurs,” “by death or otherwise,” “after the commencement of the Congress” the person elected “to fill it” shall be paid “from the time that the compensation of his predecessor ceased.” This ph raseology then refers to a vacancy occurring after the beginning of a Congress, and in that event *10 authorizes a reference back to the predecessor, who is to be found in some individual previously in the same, not a preceding, Congress. This statute does not authorize the claimant to look for his predecessor in the Forty-eighth Congress. He must find him in the Forty-ninth Congress, and that predecessor is found in Mr. Pirce, who held the office and was paid by provision of law.
The only object of the section (51) is to provide as to salary, and the word “predecessor” as used therein must he held to mean predecessor in payment.
Petition dismissed.